STATE of Delaware

v.

Kenneth John BEVIS.

Superior Court of Delaware,
New Castle.

May 16, 1972.

James F. Kipp, Wilmington, for defendant.

Daniel A. Durkin, Dept. of Justice, Wilmington, for the State.

QUILLEN, Judge.

The defendant was convicted of an offense other than a motor vehicle offense. He failed to pay the fine and costs. His license was suspended under 21 Del.C. § 2732(b). He was arrested for driving during a period of suspension and was convicted in Justice of the Peace Court. He appealed. On appeal, the defendant moved to dismiss the information on the ground, among others, that it is improper to suspend drivers' licenses under 21 Del.C. § 2732(b) for offenses other than motor vehicle offenses.

The statute in question was enacted by 57 Del.Laws, Chapter 512 which also enacted 21 Del.C. § 2731(b). Under § 2731 (b), court clerks have the duty to notify the Department of Motor Vehicles "of each convicted person" who fails to pay his fine and/or costs pursuant to a court order. Under § 2732(b), the Department forthwith suspends the license of the "convicted person".

If one limited the examination to the language of the amending statute, the State's argument that 57 Del.Laws, Chaper 512 was intended to include offenses other than motor vehicle offenses may have some merit. But the amendment was to Title 21 which is entitled "Motor Vehicles". It is part of Chapter 27 of Title 21 which is entitled "Driver's License". The suspension provision, § 2732(b), relates back to the reporting provision, § 2731(b), and the reporting provision must be read in context of an earlier reporting provision of the same section, § 2731(a), which discusses records of conviction of laws "regulating the operation of motor vehicles on highways". It is simply the natural and ordinary reading to limit 57 Del.Laws, Chapter 512 to motor vehicle

offenses. It is in that context that the amendment was placed by the Legislature.

If the Legislature intended the Act to apply to all crimes, including such crimes as robbery, burglary, and larceny which can be totally unconnected with the motor vehicle laws or motor vehicles in any way, it was incumbent upon the Legislature to specifically state its intention. Mere reference to "convicted person" in a context wholly limited to motor vehicles is an insufficient expression of such an intention. It is indeed a contrary expression of limitation.

The Court holds that the references to "convicted person" in 21 Del.C. § 2731(b) and § 2732(b) are limited to convictions for offenses regulating the operation of motor vehicles on the highway. This holding is consistent with at least one prior holding of this Court. State v. Patrick E. Coxe, 166 Criminal Action 1971, Letter Opinion of Judge Quillen dated October 6, 1971. The holding is based solely on statutory construction and not on any constitutional claim of the defendant.

Consequently, the motion of the defendant to dismiss the information is granted. It is so ordered.